IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mohammad Vaseemuddin,<br>    Plaintiff,<br><br>v.<br><br>Cook County, Cook County<br>Health and Hospitals System,<br>Chukwuemeka Ezike, M.D., Claudia<br>Fegan, M.D., Emil Makar, M.D.,<br>Dana Quartana, Enrique Martinez,<br>M.D., and Union Doctors Council, SEIU<br>    Defendants. | Case No: 14 C 2995<br><br>Judge Ronald A. Guzmán |

## ORDER

For the reasons stated below, Cook County,[1] Cook County Health and Hospitals System, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D., Emil Makar, M.D., and Enrique Martinez, M.D.'s motion to dismiss [35] is granted in part and denied in part and Dana Quartana and the Union Doctors' Council SEIU's motion to dismiss [33] is granted.

## STATEMENT

Plaintiff was employed as a physician with Cook County Health and Hospitals System ("CCHHS"), and as of August 2011, worked at the Oak Forest Health Center as an emergency room physician. (2d. Am. Compl. ("SAC"), Dkt. # 30, ¶ 22.) Plaintiff complained to CCHHS as well as the Illinois Inspector General's Office and the Cook County Sheriff's Office about poor patient care at Oak Forest Health Center due to cost cutting measures. (*Id*. ¶¶ 23-30.) Plaintiff received an offer to work at Provident Hospital, also part of CCHHS, but the offer was subsequently rescinded by Dr. Fegan because she had "received a bad reference letter from [an] unknown source." (*Id*. ¶¶ 32-35.)

---

[1] As of the date of this order, Cook County has yet to be served. Moreover, while Cook County and Union Doctors Council SEIU are named as defendants in the caption of the SAC, the claims as set forth in the SAC do not name these defendants.

Plaintiff received the e-mail rescinding the job offer while he was on leave under the Family Medical Leave Act ("FMLA"). (*Id*. ¶ 34.) Plaintiff approached Union Doctors Council SEIU ("Union") with a grievance, but was instructed by Dana Quartana, the Union's Regional Coordinator, to drop his grievance. (*Id*. ¶ 39.) According to the SAC, Plaintiff was entitled to 30 days of additional leave after his FMLA leave ended pursuant to the relevant collective bargaining agreement ("CBA"), but was denied this additional leave in violation of the CBA. (*Id.* ¶¶ 40, 42.) Plaintiff alleges that he was "terminated after two hearings" and that his December 4, 2013 termination letter was sent to the wrong address, so he has not received a copy directly. (*Id*. ¶ 44.)

Plaintiff alleges a conspiracy claim pursuant to 42 U.S.C. § 1985(3) (Count I), retaliatory discharge (Count II), and breach of the CBA (Count III).

**Standard**

The Court may dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the notice pleading requirements of Rule 8(a)(2), a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl.*, 127 S. Ct. at 1964–1965. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003).

**Analysis**

    A.    <u>Count I: 42 U.S.C. § 1985(3) Conspiracy claim against CCHHS, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D. Emil Makar, M.D. Dana Quartana and Enrique Martinez, M.D.</u>

CCHHS argues that it should be dismissed as a non-suable entity. "As a general matter, 'departments within a governing unit lack the requisite separate legal existence' to be sued." *Nixon v. Smith*, 10 C 1382, 2011 WL 3236042, at *2 (N.D. Ill. July 26, 2011) (citations omitted). *See also Payne v. Cook Cnty. Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989) (concluding Cook County Hospital had no legal existence separate from the state). However, "if pursuant to statute the defendant operates under its own control and authority, it will be considered a separate suable entity." *Nixon*, 2011 WL 3236042, at *3 (finding Lake County Metropolitan Enforcement Group ("LCMEG") was a separate legal entity amenable to suit because it "is a creature of the Illinois legislature required by statute to be composed of '2 or more units of local government,'" it "is also required by statute to maintain an 'MEG Policy Board composed of an elected official . . . and the chief law enforcement officers from each participating unit of local government,'" and "must also designate a financial officer to receive the funds that are given to LCMEG by the state and its local government units.") (citations omitted).

CCHHS contends that there are "no statutory provisions elevating [it] to the level of an independent governmental entity for the purpose of a lawsuit." (Defs.' Mem. Supp. Mot. Dismiss, Dkt. # 35, at 4.) Plaintiff points to the Cook County Municipal Code ("Code"), § 38-70, *et seq.*, in support of his position that CCHHS is an independent suable entity. The parties, however, engage in only a superficial discussion of whether CCHHS is an entity separate from Cook County such that it is capable of being sued. Given the factual issues involved, the Court is unwilling to make a

determination on the issue at this time.

The defendants next assert that the conspiracy claim under 42 U.S.C. § 1985 based on the alleged deprivation of Plaintiff's First Amendment rights by conspiring to terminate him for reporting patient safety issues within CCHHS fails to state a claim. A § 1985 conspiracy claim may be brought when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), the plaintiff must allege (1) the existence of a conspiracy (2) to deprive a person or class of equal protection of the laws, (3) that an act in furtherance of that conspiracy occurred and (4) injury resulted from the conspiracy. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000). This claim requires discrimination based on race, sex, religion, ethnicity, or political loyalty. *Id*. Plaintiff, however, makes no such allegations; therefore, the motions to dismiss this claim are granted.

### B. Count II: Retaliatory Discharge against CCHHS, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D. Emil Makar, M.D. Dana Quartana and Enrique Martinez, M.D.

Under Illinois law, "the only proper defendant in a retaliatory discharge action is the plaintiff's former employer." *Buckner v. Atl. Plant Maint.*, 694 N.E.2d 565, 569-70 (Ill. 1998). "[A] plaintiff cannot bring an action for retaliatory discharge against the employee who carried out the discharge of the plaintiff on the employer's behalf." *Drager v. Vill. of Bellwood*, 969 F. Supp. 2d 971, 982 (N.D. Ill. 2013). Plaintiff alleges that he was employed by CCHHS. (SAC, ¶ 10.) Therefore, the individual defendants are dismissed from this Count.

### C. Count III: Breach of Contract against CCHHS, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D. Emil Makar, M.D. Dana Quartana and Enrique Martinez, M.D.

Plaintiff alleges that Dr. Fagen, officer and director of CCHHS, informed him that they

would not honor a contractual provision allowing him 30 days additional leave after his FMLA leave. (SAC, Dkt. # 30, ¶ 61.) He further alleges that he was terminated from his employment on a single day's notice "in breach of the employment agreement" and that Plaintiff's agreement with the union allowed six months of unpaid leave. (*Id*. ¶¶ 62-63.) Given the lack of discussion of any other contract, the Court construes Plaintiff's references to an "employment contract" as referring to the relevant CBA between the Union and County of Cook Ambulatory Community Health Network, which Plaintiff attaches to his SAC.

"Pursuant to the Illinois Public Labor Relations Act, 5 ILCS 315/5(a), the Illinois State Labor Relations Board ('ISLRB') has exclusive jurisdiction over th[e] breach of [the collective bargaining agreement] claim." *Utomi v. Cook Cnty*., 98 C 3722, 1999 WL 787480, at *5 (N.D. Ill. Sept. 24, 1999) ("Since plaintiffs' breach of contract claim against Cook County cannot be addressed without interpreting the collective bargaining agreements, their claim belongs before the ISLRB."). *See also Cessna v. City of Danville,* 693 N.E.2d 1264, 1270 (Ill. App. Ct. 1998) ("Plaintiff alleges in count I that the City wrongfully discharged her and arbitrarily applied to her certain rules and regulations promulgated pursuant to the Agreement. These allegations cannot be addressed by the circuit court without interpreting the Agreement . . . . These are matters that fall within the expertise of the [ISLRB].").[2] Accordingly, this claim is dismissed.

For the reasons stated above, Cook County, Cook County Health and Hospitals System, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D., Emil Makar, M.D., and Enrique Martinez,

---

[2] "[U]nion members lack standing to sue for breach of a collective bargaining agreement unless they also claim that the union breached its duty of fair representation." *Utomi*, 1999 WL 787480, at *5. Therefore, the Court has assumed that Plaintiff's breach of contract claim includes a claim that the union breached its duty of fair representation. (SAC, Dkt. #30, ¶ 39.)

M.D.'s motion to dismiss [35] is granted in part and denied in part and Dana Quartana and the Union Doctors' Council SEIU's motion to dismiss [33] is granted.

**Date**: September 25, 2014

_____
**Ronald A. Guzmán**
**United States District Judge**