# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mohammad Vaseemuddin,<br>      Plaintiff,<br><br>v.<br><br>Cook County, Cook County<br>Health and Hospitals System,<br>Chukwuemeka Ezike, M.D., Claudia<br>Fegan, M.D., Emil Makar, M.D.,<br>Dana Quartana, Enrique Martinez,<br>M.D., and Union Doctors Council, SEIU,<br>      Defendants. | Case No: 14 C 2995<br><br>Judge Ronald A. Guzmán |

## ORDER

For the reasons stated below, the motions to dismiss filed by Cook County, Cook County Health and Hospitals System, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D., Emil Makar, M.D., and Enrique Martinez, M.D. [65] and Dana Quartana and the Union Doctors' Council SEIU [63] are granted. Counts I, II, and III are dismissed with prejudice while the remaining state law counts are dismissed without prejudice. All other pending motions are denied as moot. Civil case terminated.

## STATEMENT

Plaintiff was employed as a physician with Cook County Health and Hospitals System ("CCHHS"), and as of August 2011, worked at the Oak Forest Health Center as an emergency room physician. (3d. Am. Compl. ("TAC"), Dkt. # 54, ¶¶ 22-24.) Plaintiff complained to CCHHS as well as the Illinois Inspector General's Office and the Cook County Sheriff's Office about poor patient care at Oak Forest Health Center due to cost cutting measures. (*Id*. ¶¶ 25-32.) After Plaintiff received an offer to work at Provident Hospital, also part of CCHHS, the offer was rescinded. (*Id*. ¶ 33-35.) According to Plaintiff, a Provident doctor, Clifton Clark, advised the Human Resources

department not to proceed with employing Plaintiff because of information Clark had received from Plaintiff's then supervisors about his performance and behavioral issues. (*Id*. ¶ 35.) Plaintiff received an email rescinding the job offer on May 13, 2013 while he was on leave under the Family Medical Leave Act ("FMLA"). (*Id*. ¶ 37.) When Plaintiff contacted defendant Dr. Claudia Fegan regarding the reason his job offer was revoked, she told him that he was needed more at Oak Forest Health Center and she had received a "bad reference letter from [an] unknown source." (*Id*. ¶¶ 37-39.)

Subsequently, Plaintiff approached Union Doctors Council SEIU ("Union") with a grievance, but was instructed by Dana Quartana, the Union's Regional Coordinator, to drop his grievance because there were no further steps that could be taken. (*Id*. ¶¶ 39-42.) According to the TAC, Plaintiff was entitled to 30 days of additional leave after his FMLA leave ended pursuant to the relevant collective bargaining agreement ("CBA"), but was denied this additional leave in violation of the CBA. (*Id.* ¶¶ 43, 44.) Plaintiff alleges that he was "terminated after two hearings" and that his December 4, 2013 termination letter was sent to the wrong address, so he has not received a copy directly. (*Id*. ¶¶ 45-46.)

Plaintiff alleges conspiracy claims pursuant to 42 U.S.C. § 1983 (Counts I, II, and III), retaliatory discharge (Count IV), breach of contract (Count V), violation of the Illinois Whistleblower's Act (Count VI), and tortious interference with prospective economic advantage (Count VII).

**Standard**

The Court may dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under

2

the notice pleading requirements of Rule 8(a)(2), a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl.*, 127 S. Ct. at 1964–1965. In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003).

**Analysis**

<u>Counts I, II and III: 42 U.S.C. § 1983 Conspiracy claim against CCHHS, Chukwuemeka Ezike, M.D., Claudia Fegan, M.D. Emil Makar, M.D., Dana Quartana, Union Doctors Council SEIU, and Enrique Martinez, M.D.</u>

In Count I, Plaintiff alleges that he reported a patient's death and Defendant's negligent care to the Cook County Sheriff's Office after the patient died in an unsecured utility closet at Oak Forest Health Center in September 2012. (3d Am. Compl., Dkt. # 54, ¶¶ 50-51.) Defendants then, according to Plaintiff, conspired to "terminate Plaintiff and deprive him of various employment opportunities and benefits because of Plaintiff's reporting." (*Id*. ¶ 32.) Plaintiff and Defendants agree that "to establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Cooney v. Casady*, 735 F.3d 514 (7th Cir. 2013) (citations and internal quotation marks omitted). Plaintiff responds to Defendants' assertion that he has failed to state a conspiracy claim by pointing to paragraphs 52-55 of the TAC, which state as follows:

> 52. After Plaintiff's reporting of the incident, Defendants conspired to terminate

> Plaintiff and deprive him of various employment opportunities and benefits because of Plaintiff's reporting.

53. [Plaintiff] repeatedly spoke out or attempted to speak out on matters of public concern while employed by Defendant Cook County, namely with regards to the understaffing, negligence, acts of concealment and other wrongdoing of his supervisors and nurse manager and other conduct adversely affecting the health, safety and welfare of patients at CCCHS and Oak Forest Immediate Care, and made it known that he would not lie to cover-up for anybody with regard to such matters of public concern.

54. [Plaintiff] had a right under the First and Fourteenth Amendments of the United States Constitution to speak out on these matters of public concern and his right to do so outweighed any countervailing interest of the Defendants.

55. Defendants, Dr. Fegan, Dr. Makar, Dr. Martinez, Dr. Ezike and Cook County, acting under color of state law and without legitimate justification, intentionally engaged in a campaign of harassment and retaliation deliberately aimed at silencing and discrediting [Plaintiff] and chilling and thwarting his attempts to speak out on matters of public concern, which culminated in his termination on December 4, 2013, the Hearing Committee's October 24, 2013 recommendation.

None of these paragraphs refer to a private individual. The only allegations referring to a private individual in Count I are paragraphs 66, 68, 69, and 72, which mention Dana Quartana, the Regional Coordinator at the Union. Those paragraphs state as follows:

66. From December 4, 2013 to January 10, 2014, Dana Quartana, SEIU Doctors Council, Dr. Fegan, Dr. Ezike, Dr. Martinez, Dr. Makar, CCCHS and Cook County conspired to keep Plaintiff without knowledge of the termination of his employment. Without Plaintiff's knowledge, Defendant[]s sent a letter to an unrelated and unknown address stating that he was terminated, despite knowing his address, email address, phone number and other avenues of contact.
...

68. By virtue of the foregoing, Claudia Fegan, M.D., Dana Quartana, Enrique Martinez, M.D., Emil Makar, M.D. and Chukwuemeka Ezike, M.D., acting under color of state law, ha[ve] violated Plaintiff's right to freedom of speech, as guaranteed by the First Amendment to the Constitution of the

> United States, thereby violating 42 U.S.C [§] 1983.

> 69. However, after the recommendation of the Hearing Committee, Defendants [] Dana Quartana, SEIU [D]octors [C]ouncil, Dr. Fegan, Dr. Makar, Dr. Martinez, Dr. Ezike and Cook County, conspired to hide the decision from [Plaintiff], thereby denying him of his departing rights and right to successfully contest his termination. Plaintiff was made aware of his termination letter that went to an unknown address after calling SEIU [D]octors [C]ouncil on 01/10/14.

> 72. Defendants[] Dana Quartana, SEIU [D]octors [C]ouncil, Dr. Fegan, Dr. Makar, Dr. Martinez, Dr. Ezike, CCCHS and Cook County, through the actions and omissions of its final policy making and decision making officials, engaged in, authorized, approved, and established a conspiracy against [Plaintiff] for speaking out on matters of public concern and safety.

Although conspiracy claims under § 1983 are not *per se* subject to a heightened pleading standard, "a bare allegation of conspiracy [is] not enough to survive a motion to dismiss for failure to state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Count I contains nothing but bare allegations that Quartana, a Union representative, was conspiring with CCHHS doctors and administrators. Plaintiff alleges no facts to support the conclusion that Quartana and the other defendants agreed to deprive Plaintiff of his First Amendment rights. Plaintiff's assertion that the misaddressed termination letter from CCHHS, which he attaches to the TAC, suggests a conspiracy between it and Quartana is wholly conclusory and speculative. Accordingly, the Court grants Defendants' motions to dismiss Count I.

In Count II, Plaintiff alleges that despite his requests, Quartana refused to file a Level 3 grievance on his behalf and stated that "she was not taking the vacancy filling at Provident any further than level 2 without articulating a reason." (TAC, Dkt. # 54, ¶ 83-84.) She further told him that his case was weak because it "straddles 2 bargaining units" and "she found no violations of the contract by management." (*Id.* ¶ 83.) Plaintiff then alleges that "Defendants violated Plaintiff's

5

right to free speech rights as a concerned citizen for a matter of public interest by causing the denial of his promotion for reporting unsafe patient care." (*Id*. ¶ 86.) As with Count I, however, Plaintiff alleges no facts to support a plausible claim for conspiracy between Quartana and Defendants. Simply because Quartana elected not to pursue a grievance that she believed to have little or no merit does not raise the possibility that she conspired to deprive Plaintiff of his First Amendment rights beyond a speculative level. Count II is therefore dismissed.

Count III alleges that Quartana contacted both Cook County and Plaintiff stating that the Union's interpretation of the collective bargaining agreement allowed Plaintiff six months of unpaid paternity leave in addition to the twelve weeks of unpaid leave permitted pursuant to the Family and Medical Leave Act. (*Id*. ¶ 94.) On July 9, 2013, Plaintiff asked Quartana to file a grievance for denial of an unpaid leave of absence and Quartana stated that she was attempting to reach Dr. Fegan to speak with her informally. (*Id*. ¶ 95.) On July 17, 2013, Plaintiff asked Quartana to file a Level 1 grievance, which she did. (*Id*. ¶ 96.) On July 31, 2013, Dr. Ezike denied the requested paternity leave and on August 1, 2013, Plaintiff asked Quartana to file a Level 2 grievance. (*Id*. ¶ 97.) Quartana indicated that she had filed a Level 2 grievance, but Plaintiff contends she failed to inform him of the outcome. (*Id*. ¶ 98.) At a pre-disciplinary hearing held at Oak Forest Health Care Center in October 2013, apparently related to Plaintiff's absence from work, Quartana "expressed her frustration" and asked Plaintiff to resign.[1] (*Id*. ¶ 99.) When Plaintiff did not receive his termination letter dated December 4, 2013, he contacted Quartana in January 2014 expressing concern that Cook

---

[1] Exhibit G to the TAC is a copy of the December 4, 2013 termination letter sent to Plaintiff, which states that "[i]t was determined that you violated CCHHS 8.03(c)(32) and (b) Job Abandonment in violation of the Attendance Policy." (TAC, Dkt. # 54, Ex. F, PageID #:426.)

County had not issued any formal decision. (*Id*. ¶ 100.) Quartana stated that the letter had been addressed to Plaintiff and she presumed he had received it. (*Id*. ¶ 101.) Quartana further told Plaintiff that she had filed a grievance, but he failed to return to work in August 2013, and the employer had just cause to discharge Plaintiff. (*Id*. ¶ 100.) Quartana stated that she considered the matter closed. (*Id*. ¶ 102.) Plaintiff then conclusorily alleges that Quartana, the Union, CCHHS and Cook County engaged in a conspiracy against Plaintiff for speaking out on matters of public concern. However, as with Counts I and II, Plaintiff alleges no facts whatsoever in support of his allegations of a conspiracy among these defendants. Therefore, the motions to dismiss Count III are granted.

Because Plaintiff has now had four opportunities to properly allege a federal claim, and has not done so, the dismissal of Counts I, II, and III is with prejudice. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a supplemental state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001). The Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are dismissed without prejudice. Civil case terminated.

**Date**: April 24, 2015

_____
                **Ronald A. Guzmán**
                **United States District Judge**